ED-5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. DISTRICT COURT

FILED
FEB 11 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
FEB 1 2 2003

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC., and BUILDING OFFICIALS AND CODE ADMINISTRATORS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

NO. 02C 5610

Judge Rebecca R. Pallmeyer

## NOTICE OF FILING

**TO:** Alan S. Wernick, Esq., Quarles & Brady LLC, 500 West Madison Street, Suite 3700, Chicago, IL 60661-2511

**PLEASE TAKE NOTICE** that on February 11, 2003 there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant National Fire Protection Association's Answer, Affirmative Defenses and Counterclaim, a copy of which is attached hereto.

Peter C. John, Esq.

Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Of Counsel:
Thomas F. Holt, Jr.
Tara C. Clancy
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

INTERNATIONAL CODE COUNCIL, )
INC., and BUILDING OFFICIALS AND )
CODE ADMINISTRATORS )
INTERNATIONAL, INC., )
                     )
             Plaintiffs, )
                     )
                     )
v.                    )    **NO. 02C 5610**
                     )
                     )    Judge Rebecca R. Pallmeyer
                     )
NATIONAL FIRE PROTECTION )
ASSOCIATION, INC., )
                     )
             Defendant. )

**FILED**
**FEB 11 2003**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

**DOCKETED**
**FEB 1 2 2003**

## ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIM

Defendant, National Fire Protection Association, Inc. ("NFPA"), hereby answers the

Complaint filed by International Code Council, Inc. ("ICC") and Building Officials and Code

Administrators International, Inc. ("BOCA") (collectively, the "plaintiffs") as follows:

### Jurisdiction And Venue

**Allegation 1:** This is an action for copyright infringement arising under 17 U.S.C. §§1331, 1332 and 1338.

    **Answer:** The allegations set forth in Paragraph 1 of the Complaint constitute legal

conclusions and introductory remarks to which no response is required.

**Allegation 2:** Venue is proper in this district under 28 U.S.C.§1391.

    **Answer:** The allegations set forth in Paragraph 2 of the Complaint constitute legal

conclusions to which no response is required.

## Parties

**Allegation 3:** Plaintiff International Code Council, Inc. ("ICC") is a not-for-profit corporation organized under the laws of California with its principal place of business at 5203 Leesburg Pike, Suite 708, Falls Church, Virginia   22041.

> **Answer:** NFPA lacks knowledge or information sufficient to form a belief as to the truth
>
> of the allegations contained in Paragraph 3 of the Complaint.

**Allegation 4:** Plaintiff Building Officials and Code Administrators International, Inc. ("BOCA") is a not-for-profit corporation organized under the laws of Connecticut with its principal place of business at 4051 West Flossmoor Road, Country Club Hills, Illinois  60478-5795.

> **Answer:** NFPA lacks knowledge or information sufficient to form a belief as to the truth
>
> of the allegations contained in Paragraph 4 of the Complaint.

**Allegation 5:** Defendant National Fire Protection Association, Inc., upon information and belief, is a not-for-profit corporation organized under the laws of Massachusetts with its principal place of business at 1 Batterymarch Park, Quincy, Massachusetts   02269-9101.

> **Answer:** NFPA admits the allegations contained in Paragraph 5 of the Complaint.

## Factual Allegations

**Allegation 6:** Plaintiffs, model code-writing organizations, are in the business of developing and publishing national model codes, which are used by architects, engineers, designers, contractors, and others.

> **Answer:** Upon information and belief, ICC and BOCA are in the business of publishing
>
> national model codes.  NFPA lacks knowledge or information sufficient to form a belief
>
> as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint.

**Allegation 7:** Since 1915 BOCA has been a regional organization that created model codes, including the BOCA National Codes, dedicated to preserving the public health, safety, and welfare in the built environment through the effective, efficient use and enforcement of model codes.

> **Answer:** Upon information and belief, BOCA was founded in 1915 and has been a
>
> regional organization that published model codes.  NFPA lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 7 of the Complaint.

**Allegation 8:** Each of the member organizations of ICC had developed its own model codes including the BOCA National Building Code, the SBCCI Standard Building Code, and the ICBO Uniform Building Code.

**Answer:** Upon information and belief, BOCA, International Conference of Building

Officials ("ICBO"), and Southern Building Code Congress International ("SBCCI") each

published model codes. NFPA lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

**Allegation 9:** In 1994, BOCA joined with other regional organizations to form ICC to develop a single set of comprehensive national model codes utilizing the content of the member organizations' own model codes.

**Answer:** Upon information and belief, BOCA and other regional organizations formed

ICC in 1994 to publish model codes. NFPA lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the

Complaint.

**Allegation 10:** The first edition of the ICC model building code is the "International Building Code-2000," which was published in May 2000, and contains a substantial amount of text derived from the BOCA National Building Code.

**Answer:** NFPA lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 10 of the Complaint.

**Allegation 11:** The "International Building Code-2000" contains original material and is copyrightable subject matter under the laws of the United States.

**Answer:** The allegations set forth in Paragraph 11 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, NFPA

responds that it lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 11 of the Complaint.

**Allegation 12:** On July 18, 2000, plaintiff ICC applied to the Register of Copyrights for a Certificate of Registration for the "International Building Code-2000." The Certificate was issued by the Register of Copyrights on August 18, 2000, and bears registration number TX 5-156-896. A true and correct copy of this Certificate is attached as Exhibit A.

**Answer:** NFPA admits that a Certificate, bearing registration number TX5–156–896 and

the effective date of August 18, 2000 is attached as Exhibit A. NFPA lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 12 of the Complaint.

**Allegation 13:** Plaintiff ICC is and has been at all relevant times the owner of all rights and interests in "International Building Code-2000" (the "Work") as a work-for-hire under the provisions of the 17 U.S.C. §§101 et.seq. Plaintiff ICC has distributed and sold copies of said Work throughout the United States in strict conformity with the provisions of the 1976 Copyright Act.

**Answer:** The allegations set forth in Paragraph 13 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, NFPA

lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 13 of the Complaint.

**Allegation 14:** Defendant NFPA, upon information and belief, knowingly and willfully copied Plaintiffs copyrighted Work, and is publishing and distributing it on the Internet as the "NFPA 5000, Building Code."

**Answer:** NFPA denies the allegations contained in Paragraph 14 of the Complaint.

**Allegation 15:** Defendant NFPA, upon information and belief, knowingly and willfully copied Plaintiffs copyrighted Work, and intends to publish and distribute it in print as the "NFPA 5000, Building Code."

**Answer:** NFPA denies the allegations contained in Paragraph 15 of the Complaint.

**Allegation 16:** Plaintiffs have not authorized ot licensed Defendant to reproduce its copyrighted Work, to prepare derivative works based upon its copyrighted Work, or to distribute copies of Work to the public.

> **Answer:** NFPA denies the allegations contained in Paragraph 16 of the Complaint.

**Allegation 17:** As a result of Defendant's wrongful conduct, Plaintiffs have suffered and, unless enjoined by this Court, will continue to suffer irreparable harm.

> **Answer:** NFPA denies the allegations contained in Paragraph 17 of the Complaint.

**Allegation 18:** As a result of its wrongful conduct, Defendant has, and unless enjoined by this Court, will continue to wrongfuly use, infringe upon, and otherwise profit from the Work.

> **Answer:** NFPA denies the allegations contained in Paragraph 18 of the Complaint.

## Claim One: Copyright Infringement

**Allegation 19:** Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

> **Answer:** NFPA realleges, as if fully set forth herein, its responses to Paragraphs 1
>
> through 18, inclusive of the Complaint.

**Allegation 20:** Defendant NFPA has infringed and will continue to infringe Plaintiffs' copyright in the Work by producing, distributing, place in the market products that ar direct copies of, or reproduce materials derived from, Plaintiffs' copyrighted Work.

> **Answer:** NFPA denies the allegations contained in Paragraph 20 of the Complaint.

**Allegation 21:** Plaintiffs are entitled to an injunction restraining defendant NFPA, its officers, agents and employees, and all persons acting in concert with it from engaging in any other acts in violation of the copyright laws.

> **Answer:** NFPA denies the allegations contained in Paragraph 21 of the Complaint.

**Allegation 22:** Plaintiffs are further entitled to recover form Defendant actual and statutory damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant NFPA as a result of NFPA's acts of infringement alleged above.

> **Answer:** NFPA denies the allegations contained in Paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Complaint fails to state a claim against NFPA upon which relief can be granted.

### *Second Affirmative Defense*

NFPA has not infringed and is not infringing any copyright in "International Building Code–2000."

### *Third Affirmative Defense*

Any copyright registration for "International Building Code–2000" is invalid.

### *Fourth Affirmative Defense*

Plaintiffs lack ownership of any copyright in "International Building Code–2000" and consequently lack standing to bring these claims.

### *Fifth Affirmative Defense*

BOCA is not the owner of any rights and interests in any copyright in "International Building Code-2000" and consequently lacks standing to bring these claims.

### *Sixth Affirmative Defense*

Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against NFPA.

### *Seventh Affirmative Defense*

Plaintiffs, by their own acts, omissions, conduct and activities, have waived any claims against NFPA.

### *Eighth Affirmative Defense*

Plaintiffs' claims are barred by the doctrine of unclean hands.

### *Ninth Affirmative Defense*

Plaintiffs' claims are barred by the doctrine of merger.

- 6 -

*Tenth Affirmative Defense*

Plaintiffs' claims are barred by the doctrine of scenes a faire.

*Eleventh Affirmative Defense*

Plaintiffs have failed to join an indispensable party.

*Twelfth Affirmative Defense*

Each of NFPA's activities constitutes fair use of the subject copyright.

*Thirteenth Affirmative Defense*

NFPA hereby gives notice that it intends to rely upon such other and further defenses as may be developed during the course of discovery in this matter and hereby reserves the right to amend this Answer and assert such defenses accordingly.

**WHEREFORE,** NFPA respectfully requests that the Court:

1.    Dismiss the Complaint with prejudice;

2.    Award National Fire Protection Association, Inc., its costs and reasonable attorneys' fees; and

3.    Award such other and further relief as the Court deems just and proper.

<u>COUNTERCLAIM</u>

For its first Counterclaim against ICC and BOCA, NFPA states:

1.    This is a Counterclaim for a declaratory judgment that NFPA does not infringe any valid copyright registration for "International Building Code–2000."

- 7 -

2.     NFPA is a non-profit corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 1 Batterymarch Park, Quincy, Massachusetts 02269.

3.     ICC and BOCA allege in their Complaint that ICC is a not-for-profit corporation organized under the laws of California with its principal place of business at 5203 Leesburg Pike, Suite 708, Falls Church, Virginia 22041.

4.     ICC and BOCA allege in their Complaint that BOCA is a not-for-profit corporation organized under the laws of Connecticut with its principal place of business at 4051 West Flossmoor Road, Country Club Hills, Illinois 60478-5795.

5.     This Court has jurisdiction of this Counterclaim under 28 U.S.C. §1367.

6.     ICC asserts ownership of all rights and interests in "International Building Code–2000" under the provisions of 17 U.S.C. §§101 *et seq*.

7.     ICC and BOCA have charged NFPA with infringement of their copyright in "International Building Code – 2000" in the Complaint in this action.

8.     There is an actual dispute and controversy between ICC and BOCA and NFPA with respect to "International Building Code–2000."

9.     ICC and BOCA do not have any valid copyright registration for "International Building Code–2000."

10.     NFPA is not and has not infringed any copyright in "International Building Code–2000."

**WHEREFORE**, NFPA prays for judgment in its favor against ICC and BOCA and respectfully requests the following relief:

1.       That this Court adjudge and declare that any copyright registration for

"International Building Code–2000" is invalid and that NFPA has not and is not

infringing any copyright in "International Building Code–2000;"

2.       That this Court award National Fire Protection Association, Inc., its costs

and reasonable attorneys' fees; and

3.       That this Court award such other and further relief as the Court deems just

and proper.

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.,

By its attorneys,

Peter C. John, Esq.
Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Dated:     February 11, 2003

Of Counsel
Thomas F. Holt, Jr.
Tara C. Clancy
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer and Counterclaim was served on

February 11, 2003, by hand upon:

> Alan S. Wernick, Esquire,
> QUARLES & BRADY LLC,
> 500 West Madison Street
> Suite 3700
> Chicago, IL  60661-2511

Peter C. John

- 10 -