**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC., ) <br> and BUILDING CODE OFFICIALS AND ) <br> CODE ADMINISTRATORS ) <br> INTERNATIONAL, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL FIRE PROTECTION ) <br> ASSOCIATION, INC. ) <br> ) <br> Defendant. ) <br> ) | Case No. 02C 5610 <br><br> Judge Rebecca R. Pallmeyer <br><br> **FILED** <br> AUG - 9 2004 <br><br> MICHAEL W. DOBBINS <br> CLERK, U.S. DISTRICT COURT <br><br> **DOCKETED** <br> AUG 1 0 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO NFPA'S MOTION
TO COMPEL FURTHER ANSWERS TO INTERROGATORIES**

**PRELIMINARY STATEMENT**

The motion to compel filed by Defendant National Fire Protection Association, Inc.

("Defendant") misrepresents the disclosures that Plaintiffs International Code Council, Inc.

("ICC") and Building Officials and Code Administrators International, Inc. ("BOCA")

(collectively, "Plaintiffs") have provided in response to Defendant's discovery requests, and

seeks to impose unreasonable and unnecessary burdens on Plaintiffs.   Defendant's motion

completely ignores a letter from Plaintiffs' counsel dated July 16, 2004, which specifically

addressed the precise issues raised in Defendant's motion (Letter from W. McGraw to C.

Centurelli dated July 16, 2004, attached as Exhibit 1).  Defendant falsely states that Plaintiffs

have "failed and refused to provide *any information* that would allow NFPA to evaluate whether

the IBC 2000 is indeed a work made for hire."  Memorandum at p. 3 (emphasis added).

In fact, the record reflects that Plaintiffs have provided substantial information to Defendant concerning the IBC 2000 drafting and development process and the individuals involved in that process; have identified over 400 specific sections of the IBC 2000 that are the subject of Plaintiffs' claim for infringement, as well as the corresponding sections of the NFPA 5000; have explained the bases of ICC's ownership interests in the IBC 2000, including ICC's ownership interest in the preexisting works; and have explained the futility of pursuing an analysis of the "original expression" contained in the IBC 2000 as compared to the preexisting works. Defendant has failed to demonstrate that these disclosures are incomplete, or that it is entitled to additional information. Accordingly, Defendant's motion to compel should be denied.

## BRIEF OVERVIEW OF THE FACTS AND APPLICABLE LAW

Plaintiffs initiated this action against Defendant in August 2002, alleging that Defendant's publication and distribution of the NFPA 5000 violated Plaintiffs' copyright in the IBC 2000. ICC owns the copyright in the IBC 2000, as well as the preexisting works upon which the IBC 2000 in part is based. True and correct copies of the copyright registrations, which have been assigned to ICC, are attached as Exhibit 2. The copyright registrations reflect that the IBC 2000 and the preexisting works are "works made for hire" pursuant to 17 U.S.C. §101. Plaintiffs have identified more than 400 specific sections of the IBC 2000 that were copied by Defendant and published in the NFPA 5000. See Exhibit 3.

ICC's ownership of the copyrights in the IBC 2000 and the preexisting works constitute *prima facie* evidence of the validity of the copyrights and of the facts stated in the certificates. See 17 U.S.C. §410(c). This *prima facie* presumption of validity means that the works that were registered are presumed to be both original and copyrightable. See Masquerade Novelty, Inc. v.

2

Unique Industries, Inc., 912 F.2d 663, 669 (3rd Cir. 1990). It is Defendant's burden to rebut that presumption. Id. at 668.[1]

During the course of this litigation, including discovery, ICC has described its code drafting and development process to Defendant. Defendant contends that this process does not satisfy the work for hire doctrine.[2] Defendant has scheduled a 30(b)(6) deposition of ICC for September 15 and 16, in order to explore the code drafting and development process in depth. Defendant's detailed and thorough 30(b)(6) notice, which includes fifty-six topics, is attached as Exhibit 4.

Defendant's present motion to compel seeks to require Plaintiffs to provide three categories of information: (1) the employees and/or independent contractors who created each asserted section of the IBC 2000; (2) all of the allegedly infringing sections of the NFPA 5000 and the corresponding sections of the IBC 2000 that are allegedly infringed; and (3) the original expression in the alleged infringed sections of the IBC 2000, as compared to the preexisting works. As discussed below, Plaintiffs have provided sufficient information in response to Defendant's discovery requests, and the additional information sought by Defendant is either unnecessary and/or equally available to Defendant.

---

[1]  Defendant's emphasis on the burden of proof ignores this legal presumption. Memorandum at p. 2.

[2]  Defendant's assertion that Plaintiffs have not identified what section of 17 U.S.C. §101 they are relying upon is not true. Memorandum at p.5. Plaintiffs informed Defendant that they "presently rely upon 17 U.S.C. §101(1)." See Letter from W. McGraw to C. Centurelli dated July 16, 2004.

## ARGUMENT

### I.     PLAINTIFFS HAVE COMPLIED WITH DEFENDANT'S DISCOVERY REQUESTS CONCERNING THE SOURCE OF THE TEXT OF THE IBC 2000.

Defendant seeks to compel Plaintiffs to provide further responses to Interrogatory Nos. 3 and 5, and in particular to require Plaintiffs to identify the employees and/or independent contractors who created each section of the IBC 2000 that Plaintiffs claim Defendant's infringed.[3]   The Court should deny Defendant's motion because Plaintiffs have identified the persons who drafted and developed the IBC 2000; have provided Defendant access to all public comment forms in their possession; and have fully described the drafting process.   The information provided by Plaintiffs allows Defendant to challenge Plaintiffs' copyright under the work made for hire doctrine (to the extent it has an argument in this regard, which Plaintiffs dispute), and there is no basis to compel a further response.

Plaintiffs have complied with Defendant's discovery requests concerning the identification of the individuals who drafted and developed the IBC 2000.  In particular, Plaintiffs have provided Defendant with lists that identify by name each of the individuals who served on the IBC drafting committees.  These lists indicate the specific IBC chapters to which these individuals were assigned, and identify the institutional affiliation of each individual. Copies of the lists provided to Defendant are attached as Exhibit 5.  *Defendant's motion to compel ignores these disclosures.*

---

[3]  The relevant portion of Interrogatory No. 3 seeks to discover the "source" of the text of the sections of the IBC 2000 that Plaintiffs have identified as being subject of Defendant's infringing conduct, and Interrogatory No. 5 seeks the basis for Plaintiffs' claim that it is the owner of all rights and interests in the IBC 2000.  Neither of these interrogatories requests that Plaintiffs identify "the employees and/or independent contractors who created each asserted section of the IBC 2000." Memorandum at p. 3.  Rather, this is an interpretation that Defendant has placed on its discovery requests long after the requests were served.

In addition to identifying committee members by name and affiliation, Plaintiffs have provided Defendant information about the IBC drafting process and its several public comment phases. ICC has made available to Defendant all of the public comment forms submitted throughout the IBC drafting process that are in its possession. These forms contain comments on specific code provisions submitted to the drafting committees by members of the public. Defendant's counsel has reviewed hard copies of these documents, and searchable electronic copies have been prepared for their use. Defendant's argument that it "simply does not have the institutional knowledge possessed by ICC that would enable it to independently evaluate ICC's documents in such a manner as to be able to ascertain those particular individuals involved in creating the IBC 2000, absent a significant and unreasonable amount of effort" rings hollow. Memorandum at p. 6. No specialized "institutional knowledge" is required to "ascertain" from a public comment form the identity of the individual submitting the comment, or the nature of the comment. A sample public comment form is attached as Exhibit 6. Defendant is every bit as capable as Plaintiffs of reading these forms, and identifying the individuals who submitted comments and the nature of those comments.

The foregoing disclosures are more than sufficient to satisfy Plaintiffs' discovery obligations. Defendant's assertion in its Memorandum that "ICC has failed and refused to provide *any information* that would allow NFPA to evaluate whether the IBC 2000 is indeed a work made for hire" is simply false. Memorandum at p. 3 (emphasis added). To repeat, Plaintiffs have described the code drafting and development process; have provided the names of the committee members who drafted and developed the IBC 2000; have identified the chapters of the IBC 2000 for which these individuals were responsible; have identified the institutional

5

affiliation of each committee member; and have provided access to the public comment forms in Plaintiffs' possession.

Defendant's insistence that Plaintiffs should be required to provide additional information concerning the "employees and/or independent contractors who created each asserted section of the text of the IBC 2000," because such information is required for the Defendant to "evaluate whether the IBC 2000 is indeed properly considered a work made for hire" is disingenuous. Memorandum at p. 3. Plaintiffs have been totally forthright in describing the committee process through which the IBC 2000 was developed. Defendant is thus fully able to make whatever arguments it may wish that the IBC 2000 is not a work made for hire.[4] Defendant's efforts to force Plaintiffs to identify the source of the IBC 2000 on a section by section basis amounts to harassment, is an abuse of the discovery process, and would needlessly drive up the costs of this litigation. Under these circumstances, and in light of the detailed information already provided by Plaintiffs, Defendant's motion to compel further responses to Interrogatory Nos. 3 and 5 should be denied.

---

[4] Defendant misstates Plaintiffs' legal position in this case by claiming that they have adopted an "auspices and control" standard in interpreting the work for hire doctrine. Memorandum at p. 4. As support for this contention, Defendant cites a portion of Plaintiffs' interrogatory responses in which they used the phrase "auspices and control" in describing the nature of ICC' s authority over its committees. See Supplemental Responses, No. 3(c). The interrogatory to which this response was directed did not ask Plaintiffs to state their understanding of the work for hire doctrine; rather, it asked Plaintiffs to "identify...the process or method used in creating the text." Id. Defendant has lifted that single phrase from Plaintiffs' response and attempted to elevate it into a statement of their legal position on the work for hire issue. However, it is Defendant's interpretation of the of the case law governing the work for hire doctrine that is flawed. According to Defendant, the Supreme Court in Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989), held that §101(1) of the Copyright Act "describes the conventional relation of employer and employee...." Memorandum at p. 4 (emphasis added). In fact, the Reid Court expressly "reject[ed] the suggestion...that the § 101(1) term 'employee' refers only to formal, salaried employees." 490 U.S. at 742 n.8.

## II.    PLAINTIFFS HAVE IDENTIFIED ALL OF THE INFRINGING SECTIONS OF THE NFPA 5000 OF WHICH THEY PRESENTLY ARE AWARE AND HAVE PROPERLY RESERVED THEIR RIGHT TO SUPPLEMENT THE LIST AT THE CLOSE OF DISCOVERY.

Defendant's Interrogatory Nos. 1 and 2 asked Plaintiffs to "[i]dentify all portions or sections of the text of the NFPA 5000 that you allege infringe[] the IBC" and to identify the "corresponding portion or section of the text of the IBC that is allegedly infringed." Plaintiffs have answered these interrogatories to the extent they are presently able to do so. As an exhibit to its Supplemental Responses, Plaintiffs provided Defendant with a list of over 400 passages in the NFPA 5000 that infringe Plaintiffs' copyrights in the IBC 2000. See Exhibit 3. *This document specifies the precise sections of the IBC 2000 that each corresponding section of the NFPA 5000 infringes.*

This list was compiled through a painstaking comparison of the two codes, but without the benefit of any discovery from Defendant. It would be unreasonable for Plaintiffs to forego their right to supplement this list before they have had an opportunity to review Defendant's production of documents and before any depositions have taken place.[5] ICC's reservation of its right to supplement thus is entirely proper, and NFPA's attempt to force ICC to limit its claim before the close of discovery is unwarranted. Indeed, when Plaintiffs served Defendant with contention interrogatories similar to Defendant's Interrogatory Nos. 1 and 2, Defendant objected that the interrogatories were premature. See NFPA's Answers to Pls.' First Set of Interrogs., Nos. 4-5 (attached as Exhibit 7). NFPA should not be permitted, on the one hand, to refuse to respond to contention interrogatories as premature, but on the other hand, force Plaintiffs not

---

[5]    Plaintiffs have scheduled the 30(b)(6) deposition of Defendant for September 9-10, 2004, and have also noticed the depositions of four third parties believed to have knowledge of the drafting of the NFPA 5000.

7

only to respond to contention interrogatories, but also to waive their right to supplement those responses at the close of discovery.

Defendant also objects to Plaintiffs' Fed. R. Civ. P. 33(d) response, which is included within Plaintiffs' Supplemental Responses to Interrogatory Nos. 1 and 2. There is nothing improper about this response. Rule 33(d) permits a party to refer to business records "[w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served...and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served...." Here, Defendant can compare the IBC 2000 and NFPA 5000 in the same manner that Plaintiffs can. Indeed, Defendant is in a *better position to identify its own infringement*, being more familiar with its own code development process and the source of the material included in the NFPA 5000, which Plaintiffs may learn about from its discovery of Defendant.

Defendant's assertion that "ICC's failure to make a definitive list of all the alleged infringement materially harms NFPA in that it is impossible for NFPA to adequately defend this case when ICC's allegations are a moving target" is hyperbole. Memorandum at p. 7. Plaintiffs have identified more than 400 sections of the NFPA 5000 that infringe upon the IBC 2000. If and when ICC identifies additional infringement, Defendant will be promptly advised. If at that time, Defendant believes it has been prejudiced by what it perceives as a delay, it can address that matter with the Court. See Letter from W. McGraw to C. Centurelli dated July 16, 2004. The present motion to compel, however, should be denied.

8

### III.   PLAINTIFFS ARE NOT REQUIRED TO IDENTIFY THE PORTIONS OF THE IBC 2000 THAT ARE BASED ON THE PREXISTING MATERIAL IDENTIFIED IN CERTIFICATE OF REGISTRATION TX-156-896.

The final aspect of Defendant's motion to compel relates to Interrogatory No. 4.  That interrogatory requested the following information:  "For each of the following works listed below, specifically identify those sections and/or portions of each work that is 'pre-existing' material to the IBC as has been identified in Section 6a of the Certificate of Registration TX-156-896: (a) IBC Final Draft November 1997; (b) IBC Working Draft May 1997; (c) IBC Final Draft July 1998; (d) 1997 Standard Building Code; (e) BOCA National Building Code; and (f) the ICBO Uniform Building Code."  In response to this interrogatory, Plaintiffs referred Defendant to its document production, which provides a detailed history of the drafting and development of the IBC 2000, including copies of the various copyrighted drafts identified as "preexisting material."

Purportedly not satisfied with Plaintiff's Rule 33(d) instruction, Defendant now seeks to compel Plaintiffs to "identify all original expression in the allegedly infringed section of the IBC 2000."  Memorandum at p. 8.  In support of this effort, Defendant contends that Plaintiffs must differentiate between the original expression in the IBC 2000 and the preexisting works because "only the new textual material in the IBC 2000 is asserted in this litigation."  Memorandum at p. 8.  Defendant's predicate in this regard is demonstrably wrong.

ICC owns not only the copyright for the IBC 2000, but also the copyrights for the preexisting works.  See Exhibit 2.  Plaintiffs' lawsuit is not limited to the "new textual material in the IBC 2000," as Defendant erroneously contends.  Rather, the Complaint alleges that ICC is the "owner of all rights and interests in the IBC," Compl. at ¶ 13, and that it seeks redress for infringement of that Work.  Complaint at ¶¶ 14-18, 20.   These allegations encompass the

9

original expression in the IBC, as well as the preexisting works. Indeed, the Prayer for Relief in the Complaint clearly and repeatedly states that Plaintiffs' claims are not limited to a single copyright. See Compl. at 4-5 ¶ A (asking the Court to "find that Defendant has infringed Plaintiffs' copyrights" in the IBC 2000); ¶ B (asking the Court to "find that Defendant will continue to infringe Plaintiffs' copyrights" in the IBC 2000 unless enjoined); ¶ C (asking that persons acting in concert with Defendant be enjoined "from directly or indirectly infringing Plaintiffs copyrights" in the IBC 2000); ¶ D (asking the Court to enter judgment for Plaintiffs and award damages and profits "attributable to Defendant's infringements of Plaintiffs' copyrights") (emphasis added).

Because ICC owns the copyright in the IBC 2000, as well as the copyrights in the preexisting works, it would be a waste of time and resources for ICC to identify the portion of the IBC 2000 that is "original expression" as opposed to the portions from the preexisting works. Such an exercise would not further this litigation. Regardless of whether the infringing items are new to the IBC 2000, or based upon the preexisting works, ICC owns the material, and Defendant has no right to use it. Plaintiffs have explained this to Defendant, yet Defendant's motion completely ignores these facts. See Letter from W. McGraw to C. Centurelli dated July 16, 2004.

If Defendant wants to engage in this useless exercise, it is free to do so. Plaintiffs have provided Defendant with the documents in its possession that would permit such an analysis. It would, however, be unreasonable to impose the burden of conducting this analysis on Plaintiffs where, as here, the end result would not alter the course of this litigation. Under these circumstances, Defendant's motion to compel a further response to Interrogatory No. 4 should be denied.

10

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that this Court deny Defendant's

Motion to Compel Further Answers to Interrogatories.

Respectfully submitted,

Dated: August 6, 2004

James Hamilton
Swidler Berlin Shereff Friedman, LLP
3000 K St., NW
Suite 300
Washington, DC 20007
(202) 424-7826 (T)
(202) 424-7643 (F)

Alan S. Wernick
Querrey & Harrow, Ltd.
175 West Jackson Blvd.
Suite 1600
Chicago, IL 60604-2827
(312) 540-7070 (T)
(312) 540-0578 (F)

Counsel for Plaintiffs

Of Counsel:
Warren Anthony Fitch
Wendy C. McGraw
Kevin R. Amer
Swidler Berlin Shereff Friedman, LLP
3000 K St., NW
Suite 300
Washington, DC 20007
(202) 424-7500 (T)
(202) 424-7643 (F)

11

## CERTIFICATE OF SERVICE

I hereby certify that on this _____9 9h_____ day of _____August_____ 2004, a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO NFPA'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES was served by facsimile and by first-class mail on the following:

> Thomas F. Holt, Jr., Esq.
> Kirkpatrick & Lockhart LLP
> 75 State Street
> Boston, MA 02109-1808
> Fax: (617) 261-3175

_____
Alan S. Wernick

12

# SEE CASE FILE FOR EXHIBITS