IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL CODE COUNCIL, )
INC. and BUILDING OFFICIALS AND )
CODE ADMINISTRATORS )
INTERNATIONAL, INC., )
                                )
           Plaintiffs, )
v. )  **NO. 02C 5610**
NATIONAL FIRE PROTECTION )  Honorable Rebecca R. Pallmeyer
ASSOCIATION, INC., )
                                )
           Defendant. )

FILED

JUL 21 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AUG 1 3 2004

## CORRECTED NOTICE OF MOTION

**TO:** Alan S. Wernick, Esq., Querrey & Harrow, 175 West Jackson Boulevard, Suite 1600, Chicago, IL 60604-2827

James Hamilton, Esq., Swidler Berlin Shereff Friedman, 3000 K Street, NW, Suite 300, Washington DC 20007

PLEASE TAKE NOTICE, that on Thursday, August 12, 2004 at 9:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Rebecca R. Pallmeyer in Courtroom 2178 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before such other judge as may be sitting in her place and stead for the scheduled Status Conference and will then and there present Defendant's Motion to Compel Plaintiffs to Answer Interrogatories, a copy of which was previously served upon you.

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.,

Peter C. John, Esq.
Williams Montgomery & John Ltd.
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Thomas F. Holt, Jr.
Tara C. Clancy
Christopher Centurelli
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

BOS-688602 v1

## CERTIFICATE OF SERVICE

Karen M. Begg being first duly sworn on oath states that on July 21, 2004 she mailed a copy of this Corrected Notice of Motion to the above-named attorneys with proper postage prepaid.

_____
Karen M. Begg

Subscribed and sworn to before me this
21st day of July 2004.

_____
NOTARY PUBLIC

```
**********************
   "OFFICIAL SEAL"
  DENISE E. MATHAUSER
  Notary Public, State of Illinois
  My Commission Expires 8/30/07
**********************
```

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL CODE COUNCIL, INC. and BUILDING OFFICIALS AND CODE ADMINISTRATORS INTERNATIONAL, INC., ) ) ) ) ) | **FILED** |
| Plaintiffs, ) | JUL 2 1 2004 |
| v. ) NATIONAL FIRE PROTECTION ) ASSOCIATION, INC., ) ) | **JUDGE REBECCA R. PALLMEYER** **UNITED STATES DISTRICT COURT** |
| Defendant. ) | AUG 1 3 2004 |

**NO. 02 C 5610**

Honorable Rebecca R. Pallmeyer

### NFPA'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.2, Defendant National Fire Protection Association ("NFPA") moves to compel Plaintiffs International Code Council, Inc. and Building Officials and Code Administrators International, Inc., (collectively "ICC") to further answer NFPA Interrogatory Nos. 1-5.

As set forth in the accompanying Memorandum, NFPA asks that ICC be compelled to respond more fully to Interrogatory Nos. 1-5, including providing the following information:

1. The employees and/or independent contractors who created each asserted section of the IBC 2000 (Interrogatory Nos. 3 and 5);

2. All of the allegedly infringing sections of the NFPA 5000 and the corresponding sections of the IBC 2000 that are allegedly infringed (Interrogatory Nos. 1 and 2); and

3. The original expression in the alleged infringed sections of the IBC 2000 (Interrogatory No. 4).

NFPA also respectfully request that ICC be ordered to withdraw its reliance on Federal Rule of Civil Procedure 33(d) with respect to Interrogatory Nos. 1-4.

BOS-688663 v1

Wherefore, NFPA request that ICC be compelled to provide complete answers to Interrogatory Nos. 1-5 within seven (7) days from allowance of this motion.

### LOCAL RULE 37.2 STATEMENT

Counsel for NFPA, Christopher Centurelli, conducted a telephone conference with Counsel for ICC, Wendy McGraw, on July 16, 2004, in a good faith attempt to resolve or narrow the issues presented by this motion. The parties were unable to resolve the differences presented in this motion.

NATIONAL FIRE PROTECTION ASSOCIATION, INC.,

Peter C. John, Esq.
Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Thomas F. Holt, Jr.
Tara C. Clancy
Christopher Centurelli
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL CODE COUNCIL,  )
INC. and BUILDING OFFICIALS AND  )
CODE ADMINISTRATORS  )
INTERNATIONAL, INC.,  )
)
Plaintiffs,  )
v.  )  **NO. 02 C 5610**
NATIONAL FIRE PROTECTION  )  Honorable Rebecca R. Pallmeyer
ASSOCIATION, INC.,  )
Defendant.  )
)

F I L E D

JUL 2 1 2004

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

DOCKETED
AUG 1 3 2004

## NFPA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES

Defendant National Fire Protection Association, Inc. ("NFPA") submits this memorandum of law in support of the accompanying Motion to Compel Further Answers to Interrogatories. As set forth more fully below, NFPA requests that this Court compel plaintiffs, International Code Council, Inc. and Building Officials and Code Administrators International, Inc. (collectively, "ICC") to respond more fully to Interrogatory Nos. 1-5 from NFPA's First Set of Interrogatories. Specifically, although ICC claims to be the owner of all rights and interests in the IBC 2000 under the work for hire doctrine, ICC has steadfastly refused to provide to NFPA the following key pieces of information: (1) the employees and/or independent contractors who created each asserted section of the text of the International Building Code- 2000 ("IBC 2000"), (2) all of the allegedly infringing sections of the NFPA 5000 and the corresponding sections of the IBC 2000 that are allegedly infringed, and (3) the original expression in the alleged infringed sections of the IBC 2000.

The foregoing requests are directly relevant to a dispositive issue in this case, namely: whether the ICC owns the allegedly infringed work. Because the ICC claims that the IBC 2000

was created as a "work for hire" it can prevail only if: (1) it proves that the subject code provisions were created by employees of the ICC, or (2) it proves that the subject code provisions were created by independent contractors who agreed in writing that they intended their work to be a work made for hire. 17 U.S.C. § 101; *Community for Creative Non-Violence v. Reid*, 109 U.S. 730, 740-41 (1989). NFPA believes that the ICC cannot meet the demands of *Reid* and, as a consequence, has refused to satisfy its discovery obligations in an effort to forestall entry of judgment against it on the issue of ownership. As ICC is the plaintiff in this litigation with the ultimate burden of proof, that has both access to and a greater understanding of its own documents and the process involved in creating the IBC 2000, ICC should provide NFPA the requested information.

I.      Brief Background And Procedural History

ICC filed its instant Complaint against NFPA in August 2002, but did not serve NFPA until December. A true and accurate copy of the Complaint is attached hereto as Exhibit A. ICC alleges that NFPA engaged in copyright infringement by copying the IBC 2000 and publishing and distributing the NFPA 5000, Building Code ("NFPA 5000"). In February 2003, NFPA answered the Complaint and sought by way of Counterclaim a declaration that the NFPA 5000 does not infringe the IBC 2000.

Also in February 2003, NFPA served its First Set of Interrogatories on ICC.[1] *See* Defendant's First Set of Interrogatories, a true and accurate copy of which is attached hereto as Exhibit B. On March 26, 2003, ICC served its initial Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents, a true and accurate copy of which is attached hereto as Exhibit C.

---

[1] NFPA also served its First Request for Production of Documents at this time.

For a variety of reasons, ICC chose not to aggressively pursue its case against NFPA, and the matter lay dormant for several months. During the March to May 2004 time period the parties engaged in a mediation before Magistrate Judge Geraldine Soat Brown. Ultimately the mediation was unsuccessful.

Because ICC's discovery responses were deficient in several respects, NFPA sent a letter detailing those deficiencies and requesting supplementation. *See* Letter from Christopher Centurelli to James Hamilton dated June 8, 2004, a true and accurate copy of which is attached hereto as Exhibit D. In response, on June 30, 2004, ICC served its Supplemental Responses to Defendant's First Set of Interrogatories, a true and accurate copy of which is attached hereto as Exhibit E. Despite supplementation, ICC has still failed to fully respond to NFPA's discovery requests.

II.  Argument

A. ICC Has Failed To Identify The Particular Employees And/Or Independent Contractors Who Created The Text Of The IBC 2000

This Court should order ICC to provide a list of the particular employees and/or independent contractors who created each asserted section of the text of the IBC 2000. In its Complaint and discovery responses, ICC has claimed that the IBC 2000 is a "work made for hire." *See* Complaint ¶ 13; Supplemental Response to Interrogatory Nos. 3 and 5. Despite the fact that ICC maintains that the IBC 2000 is a work made for hire, ICC has failed and refused to provide any information that would allow NFPA to evaluate whether the IBC 2000 is indeed properly considered a work made for hire.

Under section 101 of the Copyright Act of 1976, there are two circumstances when a work is considered "for hire":

> (1) a work prepared by an employee within the scope of his or her employment; or

3

> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional test, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire . . . .

17 U.S.C. § 101.

The Supreme Court of the United States has held that paragraph one describes the conventional relation of employer and employee and that "employee" should be understood "in light of the general common law of agency." *Community for Creative Non-Violence v. Reid*, 109 U.S. 730, 740-41 (1989). The Supreme Court also set forth the factors that courts should consider in ascertaining whether a person is an employee under the common law of agency:

> [t]he hiring party's right to control the manner and means by which the product is accomplished . . . the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party."

*Id.* at 751-52.

In its supplemental answers to interrogatories, ICC suggests that the proper standard for evaluating a work made for hire is the "auspices and control" standard. *See* Supplemental Response to Interrogatory No. 3 ("The actual process of drafting the IBC was undertaken by several committees under the auspices and control of ICC."). However, as discussed above, the

4

Supreme Court's decision in *Reid* interpreting "employee" under the general common law of agency, has replaced the "auspices and control" standard.[2]

Accordingly, in order to determine whether ICC is in fact the author of a work made for hire (the IBC 2000), ICC must identify either (1) the employees who created the text or (2) the independent contractors and the signed written instruments indicating that the work is a work made for hire. Instead of providing this information by responding completely to Interrogatory Nos. 3 and 5,[3] ICC has relied on Rule 33(d) of the Federal Rules of Civil Procedure, and stated that the information, "to the extent it exists, may be derived or ascertained from the business records of ICC or from an examination, audit, or inspection of such business records . . . and the burden of deriving or ascertaining the responses from those business records are substantially the same for ICC as for NFPA." Supplemental Response to Interrogatory No. 3. ICC's argument does not withstand scrutiny.

The burden of identifying individual employees or independent contractors is much greater for NFPA than ICC. As an initial matter, ICC has not yet decided which paragraph of Section 101 the IBC falls under (i.e., a work prepared by an employee or a work specially ordered or commissioned for use as a contribution to a collective work). Accordingly, there is no way for NFPA to know if its inquiry should focus on obtaining information regarding certain

---

[2] In its Response to Interrogatory No. 3, Plaintiff has conceded that "several committees" wrote the IBC 2000. Yet, ICC has not disclosed the identity of the individuals who actually drafted each asserted section. NFPA believes that these individuals, once identified, will consist of unpaid volunteers who were either public officials employed by various state and local governments, or individuals employed by other non-parties who did not agree to assign their work to the IBC 2000. In no event were individuals "employees" of the ICC as required by *Reid.*
[3] With respect to each section of the IBC 2000 that is allegedly infringed, Interrogatory No. 3 asks ICC to identify "(a) the author(s) of the text, (b) the source(s) of the text, (c) the process or method utilized in creating the text, and/or (d) any license or assignment associated with the text." Interrogatory No. 5 seeks "[t]he basis for ICC's claim that it is the owner of all rights and interests in IBC."

ICC employees who created the IBC 2000 or independent contractors hired by ICC under contract. Furthermore, ICC has alluded to certain ICC staff members, committees, and individuals in the public and private sector who contributed to the development of the IBC 2000. *See* Supplemental Answer to Interrogatory No. 3. Accordingly, ICC must be able to identify those individuals involved in creating the IBC 2000. NFPA, on the other hand, simply does not have the institutional knowledge possessed by ICC that would enable it to independently evaluate ICC's documents in such a manner as to be able to ascertain those particular individuals involved in creating the IBC 2000, absent a significant and unreasonable amount of effort. Therefore, ICC should be required to respond more fully to Interrogatory Nos. 3 and 5, and identify for each asserted section the employees and/or the independent contractors who created the text and the signed written instruments indicating that the work is a work made for hire.

### B. ICC Has Failed To Identify All Of The Allegedly Infringing Sections Of The NFPA 5000 And The Alleged Infringed Sections Of The IBC 2000

This Court should also order ICC to provide a complete and final list of all sections of text of the NFPA 5000 that allegedly infringe the IBC 2000 and the corresponding section of text of the IBC 2000 that is allegedly infringed. The ICC, as plaintiff in this litigation, has the burden of proving copyright infringement. *Mid America Title Co. v. Kirk*, 867 F.Supp. 673, 680 (N.D. Ill. 1994). In order to succeed, ICC must prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Id.* From the very beginning of this litigation, now nearly two years ago, NFPA requested that the ICC "[i]dentify all portions or sections of the text of the NFPA 5000 that you allege infringes the IBC." Interrogatory No. 1. NFPA also requested that "[f]or each portion or section of the text of the NFPA 5000 that you allege infringes the IBC as identified in response to Interrogatory No. 1, identify the corresponding portion or section of the text of the IBC that is allegedly infringed." Interrogatory

6

No. 2. In response, ICC provided NFPA with a 35 page list, identifying various sections from the NFPA 5000 and the section from the IBC 2000 that ICC alleges is infringed. However, in its supplemental response to Interrogatory No. 1, ICC has attempted to improperly reserve its right to continue to identify alleging infringing sections without any end in sight. *See* Supplemental Response to Interrogatory No. 1 ("ICC's comparison of the IBC-2000 and the NFPA-5000 is continuing, and ICC reserves the right to supplement this response.").

ICC should be required to identify each alleged infringement once and for all. The NFPA 5000 was published in September 2002 and this case has been ongoing for nearly two years. Discovery closes in approximately two months, on September 30, 2004. There has been more than ample enough time for ICC to review the NFPA 5000 and identify all of its alleged infringing sections. ICC's failure to make a definitive list of all the alleged infringement materially harms NFPA in that it is impossible for NFPA to adequately defend this case when the ICC's allegations are a moving target.

Furthermore, ICC should not be permitted to rely on Rule 33(d) and claim that "[t]he information requested may be derived or ascertained from the business records of ICC . . . and the burden of deriving or ascertaining the responses from those business records are substantially the same for ICC as for NFPA." *See* Supplemental Response to Interrogatory Nos. 1 and 2. Since it is ICC that initiated this litigation claiming copyright infringement and it is ICC that has the most familiarity with its own code, it is ICC that is in the best position to examine its own documents and identify each section of the text of the NFPA 5000 that allegedly infringes the IBC 2000 and each section of the text of the IBC 2000 that is allegedly infringed. Moreover, as the plaintiff with the burden of proof, it is ICC's obligation to identify the alleged infringement.

7

Therefore, ICC should be required to respond more fully to Interrogatory Nos. 1 and 2 and identify all sections of the text of the NFPA 5000 that ICC alleges infringe the IBC 2000 and the corresponding section of the IBC 2000 that is allegedly infringed. Alternatively, ICC should be precluded from identifying any additional allegedly infringing sections in the future.

> C. ICC Has Failed To Identify The Original Expression In The Allegedly Infringed Sections Of The IBC 2000

Finally, this Court should order ICC to identify all original expression in the allegedly infringed sections of the IBC 2000. Although the Copyright Act protects compilations and derivative works, only the author's original contributions are protected:

> The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.

17 U.S.C. § 103(b); *see Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 359 (1991). ICC does not dispute that only the new textual material in the IBC 2000 is asserted in this litigation. *See* Exhibit to Complaint (IBC 2000 Certificate of Registration).

In its Certificate of Registration, ICC identified the following preexisting material: (a) IBC Final Draft November 1997, (b) IBC Working Draft May 1997, (c) IBC Final Draft July 1998, (d) 1997 Standard Building Code, (e) BOCA National Building Code, and (f) the ICBO Uniform Building Code. Accordingly, in order to separate any original protected expression in the IBC 2000 from the preexisting material, NFPA requested that ICC "[i]dentify those sections and/or portions of each work that is "pre-existing" material to the IBC as has been identified in Section 6a of the Certificate of Registration TX-156-896 . . . ." *See* Interrogatory No. 4. In response, ICC stated that "[t]he response to this Interrogatory may be derived or ascertained

from the business records of ICC or from an examination, audit, or inspection of such business records . . . and the burden of deriving or ascertaining the responses from those business records are substantially the same for ICC as for NFPA." *See* Supplemental Response to Interrogatory No. 4. ICC's response to Interrogatory No. 4 is insufficient.

As plaintiff, ICC has the burden of demonstrating copyright ownership in the allegedly infringed works. Although ICC has produced a Certificate of Registration, the Certificate makes clear that the IBC 2000 is based upon several preexisting works, which have not been asserted against the NFPA 5000. When asked to identify the protected expression, ICC points the finger back to NFPA and claims that it is just as easy for NFPA to perform this analysis. Such is not the case, however. ICC, as the entity responsible for creating the IBC 2000, and as the entity comprised of Building Officials and Code Administrators, Inc., International Conference of Building Officials and Southern Building Code Congress International, Inc., ICC is in a unique position to be able to identify exactly which portions of the IBC 2000 are new material, and hence, asserted against NFPA in this action. It would be much more arduous for NFPA to perform this analysis – as NFPA would have to pour through documents it has no familiarity with and try to ascertain where each section of the IBC 2000 originated, acknowledging that there are at least three separate building codes, in addition to thousands of contributions from volunteers, individuals and organizations alike. The bottom line is it is only fair to thrust this exercise on ICC because it is ICC that has initiated this action against NFPA and it is ICC that must prove it has actual ownership in the copyright for the IBC 2000. Therefore, ICC should be required to respond more fully to Interrogatory No. 4 and identify all of the original expression in the alleged infringed sections of the IBC 2000.

9

III.    Conclusion

For the foregoing reasons, NFPA hereby requests that ICC be compelled to respond more fully to Interrogatory Nos. 1 -- 5, including providing the following information: (1) the employees and/or independent contractors who created each asserted section of the IBC 2000 (Interrogatory Nos. 3 and 5), (2) all of the allegedly infringing sections of the NFPA 5000 and the corresponding sections of the IBC 2000 that are allegedly infringed (Interrogatory Nos. 1 and 2), and (3) the original expression in the alleged infringed sections of the IBC 2000 (Interrogatory No. 4). NFPA also respectfully request, for the reasons stated above, that ICC be ordered to withdraw its reliance on Federal Rule of Civil Procedure 33(d) with respect to its answer to Interrogatories Nos. 1-4.

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.,

Peter C. John, Esq.
Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Thomas F. Holt, Jr.
Tara C. Clancy
Christopher Centurelli
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

# See Case File For Exhibits