**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

INTERNATIONAL CODE COUNCIL,  )
INC., and BUILDING OFFICIALS AND  )
CODE ADMINISTRATORS  )
INTERNATIONAL, INC.,  )
                  )
          Plaintiffs,  )
                  )
                  )
v.  )     **NO. 02C 5610**
                  )
                  )     Judge Rebecca R. Pallmeyer
                  )
NATIONAL FIRE PROTECTION  )
ASSOCIATION, INC.,  )
                  )
          Defendant.  )

**FILED**

NOV 1 6 2004 WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**

DEC 0 1 2004

## NOTICE OF FILING and CERTIFICATE OF SERVICE

**TO:** Alan S. Wernick, Esq., Querrey & Harrow, 175 West Jackson Boulevard, Suite 1600, Chicago, IL    60604
James Hamilton, Esq., Swidler Berlin Shereff Friedman, 3000 K Street, NW, Suite 300, Washington DC   20007

**PLEASE TAKE NOTICE** that on November 16, 2004 there will be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant National Fire Protection Association's Opposition to Plaintiffs' Motion to Preclude Evidence Not disclosed During Fact Discovery, a copy of which is attached hereto and was served upon Alan S. Wernick via hand delivery on November 16, 2004 and via overnight courier to James Hamilton, 3000K Street, NW, Suite 300, Washington, D.C.

_____
Peter C. John, Esq.

Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Thomas F. Holt, Jr.
Tara C. Clancy
Christopher Centurelli
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

ED 12
RECEIVED FOR DOCKETING

04 NOV 16 PM 5: 11

CLERK
U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL CODE COUNCIL,  )
INC. and BUILDING OFFICIALS AND  )
CODE ADMINISTRATORS  )
INTERNATIONAL, INC.,  )
                              )
          Plaintiffs,  )
v.  )  **NO. 02C 5610**
NATIONAL FIRE PROTECTION  )  Judge Rebecca R. Pallmeyer
ASSOCIATION, INC.,  )
                              )
          Defendant.  )

**FILED**

**NOV 1 6 2004** WH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED**
DEC 0 1 2004

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE EVIDENCE NOT DISCLOSED DURING FACT DISCOVERY

Defendant, National Fire Protection Association, Inc. (the "NFPA") submits this Opposition

to the Plaintiffs' Motion to Preclude Evidence Not Disclosed During Fact Discovery filed by the

Plaintiffs International Code Council, Inc. ("ICC") and Building Officials and Code Administrators

International, Inc. ("BOCA"). For the reasons set forth below, the Plaintiffs' motion should be

denied.

## I.    INTRODUCTION

The Plaintiffs' motion to preclude is its latest attempt to shield itself from a finding that its

putative copyright in the International Building Code 2000 ("IBC 2000") is invalid and not

infringed. As set forth below, the simple fact of the matter is that the NFPA has identified or

produced all the information that the ICC claims has been withheld. Moreover, the vast majority of

the disputed information was in the ICC's possession, or otherwise publicly available to it before

this lawsuit was filed. To the extent that the ICC is complaining about the lack of "pinpoint

citations" to the third party sources for the provisions of the IBC 2000 it says are infringed by

defendant's code, this begs the question of whether the Plaintiffs undertook a good faith pre-suit


CLERK
U.S. DISTRICT COURT



BOS-708428 v2 0505565-0905

investigation before accusing the NFPA of copyright infringement. In addition, when the NFPA requested that the ICC identify how the relevant provisions of the IBC 2000, a derivative work according to its copyright registration, were substantially different from earlier works, the ICC refused to make such production arguing that it amounted to "harassment [and] an abuse of discovery."

Moreover, the declaration of William E. Koffel, P.E., ("Koffel Decl."), who participated in the drafting of the IBC 2000 shows that:

- The source of most, if not all, relevant provisions of the IBC 2000 is identified in Chapters 35 and 45 of the IBC 2000 itself;

- The source of much of the IBC 2000 can be found in the Code of Federal Regulations and other public sources;

- The remaining provisions were created by third parties (i.e. non-ICC employees); and

- All of the 460 code requirements at issue in this lawsuit were available to the ICC at all times relevant to this lawsuit. This is because they have either been provided by the NFPA during discovery; have been published by the ICC, BOCA, ICBO or SBCCI (ICC's cohort model code organizations); are public documents like the CFR; or they are an integral part of the ICC International Codes as adopted reference standards.

*See* Koffel Decl. ¶¶ 8, 11, 12, 13.

Lastly, the direct correspondence between each of the 460 provisions of the IBC 2000 that the Plaintiffs say are infringed by the NFPA will be the subject of Mr. Koffel's expert report. Defendant's expert reports are due on December 1, 2004 and the ICC will have the opportunity to depose Mr. Koffel prior to the close of expert discovery.

2

## II.   BACKGROUND

For more than one hundred years, the NFPA has been developing and updating model codes and standards in all areas of fire and related safety issues. The NFPA develops its codes, including the NFPA's Building Construction and Safety Code publication, (the "NFPA 5000"), using a consensus-based process involving the NFPA technical committees, the NFPA technical correlating committees, the NFPA Standards Council, the NFPA Board of Directors and individuals that submit public proposals and comments.

The Plaintiffs filed this action against the NFPA in August 2002 claiming that the NFPA 5000 infringed the copyright in the IBC 2000.[1] In February 2003, the NFPA requested that the Plaintiffs identify the allegedly infringing sections of the NFPA 5000 and the corresponding sections of the IBC 2000. More than a year later, the Plaintiffs responded by providing the NFPA with a chart of over 400 asserted sections of the IBC 2000 that are allegedly owned and unlawfully copied in the NFPA 5000.

The NFPA believes that among its defenses is the fact that the Plaintiffs do not own a valid copyright.[2] To prove ownership and validity, the Plaintiffs must show, *inter alia*, the creators of the IBC 2000 were (1) employees or (2) independent contractors with a signed written agreement and that the original, protected expression was substantially different than the underlying pre-existing

---

[1] The only copyright currently asserted in this action and properly before this Court is the IBC 2000. *See* Def.'s Opp'n to Pls.' Motion for Leave to Amend Their Complaint ("NFPA's Opp.") filed contemporaneously herewith.

[2] In a copyright infringement action, a *plaintiff* has the burden of proving: (1) plaintiff is the *owner* of a *valid* copyright and (2) defendant copied constituent elements of the work that are *original*. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Although ICC's certificate of registration for the IBC 2000 is *prima facie* evidence of the validity and ICC's ownership of the copyright, this is merely a *rebuttable* presumption that may be overcome "by evidence that disputes or rebuts the plaintiff's *prima facie* case." *See* 17 U.S.C. § 410(c); *Mid America Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995). The NFPA has shown that all of the 460 provisions that the ICC asserts against the NFPA originated with third parties and, therefore, in the absence of a written agreement, cannot constitute a "work for hire," as stated on the IBC 2000 copyright registration. *See* Koffel Decl. ¶9. Hence, the burden shifts back to the ICC to prove ownership of a valid copyright.

3

works.[3]  Accordingly, the NFPA requested that the Plaintiffs identify the author, the source and the original, protected expression of each asserted section.  *See* Ex. A, Def.'s First Set of Interrogs. Nos. 3 and 4.  In stark contrast to their assertion that the NFPA must provide the same information about each of the code sections at issue, the Plaintiffs refused to provide any specific information regarding the source, the authors or the original expression of each asserted section.  Instead, the Plaintiffs responded generally that the source and author of each asserted section was one of the predecessor organizations to the ICC, namely, BOCA, the Southern Building Code Congress International (SBCCI), and the International Conference of Building Officials (ICBO) and further stated that the information "to the extent it exists, may be derived or ascertained from the business records of ICC or from an examination, audit, or inspection of such business records . . . and the burden of deriving or ascertaining the responses from those business records are substantially the same for ICC as for the NFPA."  *See* Ex. B, Pls.' Supplemental Resp. to Interrogs. Nos. 3 and 4; Ex. C, Pls.' Resp. to Interrogs. Nos. 3 and 4.  When the NFPA filed a motion to compel this information,[4] the Plaintiffs claimed that requiring it to provide this information "on a section by section basis amounts to harassment, an abuse of the discovery process, and would needlessly drive up the cost of this litigation."  Pls.' Opp'n to Motion to Compel at 6.  The Plaintiffs also stated that "[i]f Defendant wants to engage in this useless exercise, it is free to do so.  The Plaintiffs have provided Defendant with the documents in its possession that would permit such an analysis."[5]  Pls.' Opp'n to Motion to Compel at 10.

---

[3]  ICC claims ownership to the IBC 2000 under the work made for hire doctrine. *See* 17 U.S.C. §101.  In addition, the Plaintiffs claim the IBC 2000 is a derivative work. Courts have found, however, that derivative works must be substantially different from the underlying pre-existing work to be copyrightable. *Gracen v. Bradford Exchange*, 698 F.2d 300, 305 (7th Cir. 1983).

[4]  The NFPA's Motion to Compel Further Answers to Interrogatories was filed with this Court on July 20, 2004.

[5]  Plaintiffs now admit, however, that they have not provided the NFPA with the documentation necessary to fully determine the source, authors or original expression of each asserted section. *See* NFPA's Opp. at 7-8.

4

Despite refusing to provide specific information about its sources or authors, the Plaintiffs propounded discovery on the NFPA on July 16, 2004, directed at the very same source and author information for the allegedly infringing sections of the NFPA 5000. *See* Ex. D, Pls.'s Second Set of Interrogs. Per agreement, the NFPA served its response on August 23, 2004. *See* Ex. E, Def.'s Resp. to Second Set of Interrogs. With *less than a month* left of fact discovery, the Plaintiffs informed the NFPA that their responses were deficient and that they were actually seeking the specific "pinpoint citations" of the sources for the various sections of the NFPA 5000. *See* Ex. N, Letter from Wendy McGraw to Christopher Centurelli dated September 3, 2004.

Meanwhile, the Plaintiffs served further discovery on the NFPA on August 13, 2004, asking for the sources of the allegedly infringed sections of the IBC 2000. *See* Ex. I, Pls.' Third Set of Interrogs. The NFPA timely served its response on September 15, 2004. *See* Ex. J, Def.'s Resp. to Third Set of Interrogs. The *very next day*, before seeing the NFPA's response, the Plaintiffs filed their motion to compel with this Court seeking to require the NFPA to provide specific pinpoint citations for the sources of the allegedly infringed sections of the IBC 2000 and the corresponding sections of the NFPA 5000, whether or not such information exists. With less than two weeks remaining in fact discovery, the NFPA diligently attempted to respond to the Plaintiffs' discovery requests by supplementing their responses and providing all factual information in its possession as information became known. *See* Ex. F, Def.'s Supplemental Resp. to Second Set of Interrogs.; Ex. G, Def.'s Second Supplemental Resp. to Second Set of Interrogs.; Ex. H, Def.'s Third Supplemental Resp. to Second Set of Interrogs.; Ex. K, Def.'s Supplemental Resp. to Third Set of Interrogs.; Ex. L, Def.'s Second Supplemental Resp. to Third Set of Interrogs.; Ex. M, Def.'s Third Supplemental Resp. to Third Set of Interrogs.

Incredibly, the Plaintiffs are now asking this Court to penalize the NFPA for its alleged failure to provide detailed, specific source information, whether or not such information exists.

5

Moreover, the Plaintiffs have long had the documentation in their possession necessary to permit such an analysis.[6] On the one hand, the Plaintiffs have refused to provide, and indeed hindered the NFPA's attempt to determine the source, author, and original expression for the various asserted sections, while on the other hand complaining that the NFPA has not come forward with enough information for the Plaintiffs to properly prepare for this case. In any event, the NFPA has identified or produced the requested information or it has been available to the ICC at all times relevant to this lawsuit.

## III.    ARGUMENT

The Plaintiffs claim that the NFPA has failed to specifically identify sources for the asserted sections of the IBC 2000 and the corresponding sections of the NFPA 5000. The Plaintiffs are requesting this Court to preclude the NFPA from presenting any evidence of third party sources which was not identified prior to the close of fact discovery with "pinpoint citations" to sections of other codes, whether or not such information exists. Federal Rule of Civil Procedure 37 states, however, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1).

---

[6] For instance, the Plaintiffs attempt to assert almost 50 sections that *on their face* are not owned by the ICC, but come from the standard known as the American Society of Civil Engineers Minimum Design Loads for Buildings and Other Structures (ASCE 7). Significantly, the NFPA 5000 explicitly accredits ASCE 7 as the source of the text with a designation at the end of each section. Therefore, even the most cursory review of the corresponding NFPA 5000 section that the Plaintiffs allege infringe their copyright would have informed the Plaintiffs of the source of their own section; namely that of a third party. It also calls into question the extent of the Plaintiffs' good faith pre-suit investigation in identifying the 460 allegedly infringed sections. The Plaintiffs are correct when they say that federal litigation is not a guessing game. But the Plaintiffs should also have known or properly investigated the source, author and the original expression for each asserted section before filing this litigation. The Plaintiffs should not have guessed, making comparisons of the various sections in a vacuum with total disregard to the history and origin of the individual passages. *See also* Koffel Declaration, ¶¶ 8, 11, 12, 13.

6

Rule 37 does not require sanctions against a party if that party's violation was justified and harmless to opposing party. *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.,* 138 F. Supp. 2d 1088, 1094 (N.D. Ill. 2001); *Sherrod v. Lingle,* 223 F.3d 605, 612 (7th Cir. 2000) (stating trial judge should be precluded from imposing the exclusion sanction unless the party's failure was both unjustified and harmful to the opposing party). The factors considered in making this determination are "the surprise or prejudice to the blameless party, the ability of the offender to cure any resulting prejudice, the amount of disruption to the trial that would result from permitting the use of the evidence, and the bad faith involved in not producing the evidence at an earlier date." *Spearman Indus.,* 138 F. Supp. 2d at 1094 (finding exclusion of expert testimony to be drastic and unjustified considering the harmless nature of the discovery violation); *David v. Caterpillar, Inc.,* 324 F.3d 851, 857-58 (7th Cir. 2003) (finding exclusion of witness testimony not required because opposing party was not prejudiced and party's counsel had not acted in bad faith).

The Plaintiffs cite a number of cases where the Courts found that the exclusion sanction was justified because a party failed to disclose a defense or the documentary evidence to support a defense that was in the party's possession. Here, in contrast, the Plaintiffs were well aware of the theory and factual basis for the NFPA's contention that the IBC 2000 is invalid and not infringed prior to the close of fact discovery. Moreover, the Plaintiffs were given all factual information in the NFPA's possession, the Plaintiffs already had access to the documentation necessary to determine the requested information, and the Plaintiffs had sufficient opportunity to explore the NFPA's defense and to conduct their own investigation in order to prepare for this case. Thus, the Plaintiffs motion to preclude is not justified and should be denied.

7

**A. The Plaintiffs' Motion To Preclude Should Be Denied Because The NFPA Provided The Source Information That It Promised To Provide And That Was In Its Possession During Fact Discovery**

The Plaintiffs were aware throughout fact discovery of the NFPA's theory and factual basis for its contention that ICC's copyright in the IBC 2000 is invalid and not infringed. When the Plaintiffs requested the NFPA to provide the sources for the asserted sections of the IBC 2000 and the corresponding sections of the NFPA 5000, the NFPA provided the information, to the extent it was known, and supplemented its answers to interrogatories on a regular basis as additional information became known.

Now, the Plaintiffs claim that they "cannot investigate the accuracy and veracity of the NFPA's defense" and that NFPA has failed to "tell ICC what its defense is." Pls.' Mem. at 10.[7] The Plaintiffs rest their contention and justification for sanctions on the premise that the NFPA has allegedly failed to identify the "pinpoint citations" for all the sources of the various subject sections. *See* Pls.' Mem. at 8. First of all, neither Rule 37 nor the relevant caselaw requires the NFPA to "pinpoint" anything. All the requested information has been provided or is otherwise available to the Plaintiffs. Nevertheless, the Plaintiffs want this Court to preclude the NFPA from offering any evidence of third party sources, even if the sources were identified during fact discovery, if the sources were not identified with a pinpoint citation. *See* Pls.' Mem. at 11. This reasoning defies logic.

For instance, the Plaintiffs take the position that identifying Donald Belles as a source for approximately 30 sections of the IBC 2000 and the NFPA 5000 suffers from the "same deficiencies" as other source information provided by the NFPA, namely the ICC is not provided

---

[7] This assertion simply defies belief. The NFPA has repeatedly told this Court and ICC what its principal legal defense is: ICC does not own a valid copyright to the provisions of the IBC 2000 that it asserts against the NFPA. For example, in the NFPA's Motion to Compel Further Answers to Interrogatories, filed on July 20, 2004, the NFPA spelled out this defense in no uncertain terms. *See generally* Memorandum In Support Of Motion To Compel Further Answers to Interrogatories. This position has also been made clear in the NFPA's Answers to Interrogatories.

8

with "any code, standard, or other publication" on which the NFPA relied. Pls.' Mem. at 7.

Clearly, the NFPA cannot provide a "pinpoint citation" to a code, standard, or other publication when the source is an *individual* who submitted information to *both* ICC and the NFPA. In any event, the Plaintiffs took Mr. Belles' deposition in this case and he detailed the very sources of the code provisions placed at issue in the instant motion. The sum and substance of Mr. Belles' testimony is that numerous provisions of the IBC 2000 relating to glass and glazing originated with him and his organization, the Glazing Industry Code Committee. More importantly, Mr. Belles never provided ICC with an assignment of his rights in those passages.

Similarly, much of the information contained in the so-called "materials related chapters" was provided to both ICC and the NFPA by an industry source unrelated to the Plaintiffs, such as representatives from the Federal Emergency Management Agency, the American Iron and Steel Institute, the Portland Cement Association, the National Concrete Masonry Association, the American Forest and Paper Association, the Gypsum Association, the Society for Plastics Industry, the US Environmental Protection Agency, and the American Society for Heating, Refrigeration & Air Conditioning Engineers. Again, the NFPA cannot provide a "pinpoint citation" to a code, standard, or other publication when the source is an *individual* representing an industry group. Nevertheless, according to the Plaintiffs' current motion, the NFPA should be precluded from offering any evidence of these identified third party sources, evidence that will not only refute the Plaintiffs' claim of unlawful copying, but also refute their claim of ownership in the asserted sections of the IBC 2000.

The Plaintiffs' reliance on *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 1997 WL 321686 (N.D. Ill. June 6, 1997) to support their current position is similarly misplaced. In *Heidelberg*, the Court found that the defendant had failed to disclose information in its possession during fact discovery, but provided the information for the first time in their expert reports. Thus,

9

the Court determined that sanctions were appropriate because the plaintiff was unaware of the defendant's defense and was surprised of the substance and basis for that defense. This is not the case here. The NFPA provided the requested source information, to the extent it exists and was known, to the Plaintiffs during fact discovery.[8] Moreover, the Plaintiffs are fully aware and have been throughout fact discovery, of the substance and basis for the NFPA's theory that ICC's copyright in the IBC 2000 is invalid and not infringed. Accordingly, the Plaintiffs' motion to preclude should be denied.

### B. The Plaintiffs' Motion To Preclude Should Be Denied Because The NFPA Has Diligently Attempted To Provide The Plaintiffs With The Requested Information

The Plaintiffs claim that there has been ample opportunity to identify the specific source information that the Plaintiffs are requesting and that there is no excuse for the NFPA's failure to do so. See Pls. Mem. at 10. This is blatantly untrue.

The Plaintiffs first requested that the NFPA identify the source of the allegedly infringing sections of the NFPA 5000 on July 16, 2004, nearly 2 years after the filing of this lawsuit. Similarly, the Plaintiffs first requested that the NFPA identify the source of the allegedly infringed sections of the IBC 2000 on August 13, 2004. After the NFPA served its response, the Plaintiffs informed the NFPA on September 3, 2004, that their responses were deficient and that they were actually seeking the specific "pinpoint citations" of the sources for the various sections of the NFPA 5000. Now, the Plaintiffs are claiming that the NFPA has been aware of their obligation to provide this specific source information for some time, but has been unwilling to do so. Pls.' Mem. at 7, 10. Contrary to the Plaintiffs' assertion, there has been no bad faith involved in not supplying additional

---

[8] In fact, the NFPA further supplemented its responses on October 4, 2004 when additional information became known. See Ex. H, Def.'s Third Supplemental Resp. to Pls. Third Set of Interrogs.

pinpoint citation information, to the extent it exists. The NFPA has identified or provided all requested information available to it, and has expended considerable resources in doing so.

Beyond the hundreds of hours devoted by the NFPA employees and its counsel, the NFPA's expert on liability, William E. Koffel, P.E., has expended over 800 hours investigating the source of the asserted sections.[9] *See* Ex. O, Decl. of William Koffel at ¶ 14. Significantly, the Plaintiffs took over a year to identify the sections of the IBC 2000 allegedly infringed by the NFPA, information that the Plaintiffs should have fully investigated and known before even filing this action.[10] Yet, the Plaintiffs now cry foul when the NFPA diligently attempts to identify and provide the specific source information, a request that was made only a month before the close of fact discovery.

The Plaintiffs also assert that the NFPA should be precluded from offering any evidence of third party sources not identified with "pinpoint citations" because the NFPA's counsel promised that the NFPA would provide the requested information by the close of discovery. The Plaintiffs cannot show, however, that there was any bad faith intent on the part of the NFPA or its counsel. In fact, as the NFPA's counsel repeatedly represented to this Court, the NFPA would provide any source information to the Plaintiffs *when known,* and would attempt to complete its investigation by the close of fact discovery. *See* Ex. P, September 17, 2004 Hr'g Tr. at 5, 10, 11. This is precisely what the NFPA did. It diligently attempted to identify specific, citations for any third party source during fact discovery and provided such information to the Plaintiffs. Moreover, the NFPA is continuing to identify any and all third party sources to the IBC 2000 and the NFPA 5000, and should not be precluded from the introduction of any such evidence during expert discovery. Thus, the Plaintiffs have not and cannot show that any additional disclosure of specific source information beyond fact discovery is unjustified. Accordingly, the Plaintiffs should not be allowed to preclude evidence of any third party source information currently identified without specific pinpoint citations as well as any additional source information discovered beyond the close of fact discovery.

### C. The Plaintiffs Are Not Prejudiced Because They Have Had Sufficient Opportunity To Explore The NFPA's Contentions During Fact Discovery

The Plaintiffs argue that this Court should impose the requested sanctions because the Plaintiffs are prejudiced by not knowing the "pinpoint citation" information of third party sources

---

[9] Mr. Koffel, a Professional Engineer with significant experience in the development of model building codes was involved in the development of both the IBC 2000 and the NFPA 5000. Mr. Koffel will be submitting an expert report that will summarize the sources of the 460 allegedly infringed provisions of the IBC 2000.

[10] In fact, the Plaintiffs' failure to provide the code development documents for the underlying preexisting works has resulted in significantly more time expended to uncover this information and hindered the NFPA's attempt to provide the requested source information.

11

for the subject sections. The Plaintiffs claim that the NFPA's alleged failure to disclose has left the Plaintiffs unable to "investigate the accuracy and veracity of the NFPA's defense." Pls. Mem. at 10. The Plaintiffs had sufficient knowledge and opportunity, however, to investigate the sources for the asserted sections of the IBC 2000 and the corresponding sections of the NFPA 5000.[11] Specifically, the Plaintiffs already had access to the documentation necessary to determine the requested information, and the Plaintiffs have had sufficient opportunity to explore the NFPA's defense and to conduct their own investigation in order to prepare for this case. Therefore, the Plaintiffs cannot show that they have been harmed by the alleged failure to disclose.

First, the Plaintiffs deposed the NFPA's 30(b)(6) designees, Robert Solomon and Arthur Cote, on the subject of third party sources for the various sections of the NFPA 5000. In addition, the Plaintiffs requested that this Court allow them additional time beyond the close of fact discovery to take the fact deposition of Mr. Koffel on October 13, 2004.[12] *See* Ex. P, September 17, 2004 Hr'g Tr. at 20-21. Much of the information requested by the Plaintiffs in their discovery requests could have been ascertained at Mr. Koffel's deposition. Yet, the Plaintiffs failed to take his deposition as a fact witness even after specifically asking the Court's permission to do so after the close of fact discovery.

Second, the Plaintiffs had the documentation in their possession, custody, or control to determine the source of all of the subject sections of the IBC 2000 allegedly infringed. *See* Ex. O, Decl. of William Koffel ¶¶ 12, 13. In addition, as shown in Mr. Koffel's declaration, the sources for all 460 sections of the IBC 2000 that are allegedly infringed, do not contain original material, but rather originate from one of the third party sources in ¶¶ 12 and 13 of his declaration. Thus, the

---

[11] Again, the NFPA asserts that the Plaintiffs should have already known and/or investigated the source information for the IBC 2000 before choosing to assert the subject sections in this litigation.
[12] Mr. Koffel is both a fact witness and the NFPA's expert in this case.

Plaintiffs have not been hampered in their preparation of this case and have had sufficient opportunity to explore the NFPA's defense.

Third, the linking of specific asserted passages of the IBC 2000, or accused provisions NFPA 5000 to third party technical codes and standards is properly the subject of Mr. Koffel's expert report which will be filed on December 1, 2004, and the Plaintiffs will thereafter have tl opportunity to depose Mr. Koffel.

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to preclude evidence is not justified and should be denied.

Respectfully submitted,

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.

Dated: November 16, 2004

Peter C. John, Esq.
Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Thomas F. Holt, Jr.
Tara C. Clancy
Christopher Centurelli
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA   02109
(617) 261-3100

13

# SEE CASE FILE FOR EXHIBITS