AE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# FILED

INTERNATIONAL CODE COUNCIL, )
INC., and BUILDING OFFICIALS AND )
CODE ADMINISTRATORS )
INTERNATIONAL, INC., )
 )
          Plaintiffs, )
 )
 )
v. )    **NO. 02C 5610**
 )
 )    Judge Rebecca R. Pallmeyer
 )
 )
NATIONAL FIRE PROTECTION )
ASSOCIATION, INC., )
 )
          Defendant. )

APR 2 6 2005 rg
APR 26 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING and CERTIFICATE OF SERVICE

**TO:** Alan S. Wernick, Esq., Querrey & Harrow, 175 West Jackson Boulevard, Suite 1600, Chicago, IL    60604

James Hamilton, Esq., Swidler Berlin Shereff Friedman, 3000 K Street, NW, Suite 300, Washington DC   20007

**PLEASE TAKE NOTICE** that on April 26, 2005 there was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant National Fire Protection Association's Objection and Response to Plaintiff's Statement of Additional Facts, a copy of which is attached hereto and served upon counsel.

Peter C. John, Esq.

Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

Thomas F. Holt, Jr.
Tara C. Clancy
Christopher Centurelli
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
(617) 261-3100

## CERTIFICATE OF SERVICE

Karen M. Begg being first duly sworn on oath states that on April 26, 2005 a true copy of the foregoing Notice of Filing and Objection and Response to Plaintiff's Statement of Additional Facts were served on the following via hand delivery:

> Alan S. Wernick, Esq.
> Querrey & Harrow
> 175 West Jackson Boulevard
> Suite 1600,
> Chicago, IL    60604

and to the following via overnight courier:

> Kevin R. Amer
> James Hamilton, Esq.
> Swidler Berlin Shereff Friedman
> 3000 K Street, NW
> Suite 300
> Washington, D.C.   20007

_____
Karen M. Begg

Subscribed and sworn to before me
this 26th day of April, 2005.

_____
NOTARY PUBLIC

```
"OFFICIAL SEAL"
DENISE E. MATHAUSER
Notary Public, State of Illinois
My Commission Expires 8/30/07
```



UNITED STATES DISTRICT COURT **F I L E B**
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 2 8 2005 *rq*
APR 26 2005
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

|  |
|---|
| INTERNATIONAL CODE COUNCIL, INC., |
| Plaintiff, |
| v. |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC., |
| Defendant. |

CIVIL ACTION NO. 02C 5610

Judge Rebecca R. Pallmeyer

## OBJECTION AND RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

With its Opposition to Defendant's Motion for Summary Judgment, Plaintiff International Code Council, Inc. ("ICC") submitted a Statement of Additional Facts (¶¶ 1-44). Pursuant to Local Rule 56.1, Defendant National Fire Protection Association, Inc. ("NFPA") responds as follows to these additional facts:

**General Objection**

Local Rule 56.1(b)(3)(B) permits the respondent to file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment...." ICC's 44 numbered paragraphs, however, are not limited to facts material to NFPA's summary judgment motion. ICC's statement includes numerous facts irrelevant to the summary judgment issues and numerous statements of opinion.

Since facts not disputed may be deemed admitted (LR 56.1(a), last sentence), NFPA responds to each of ICC's paragraphs, without waiving this objection. NFPA's

dispute of a "fact" in ICC's Statement, however, should not be interpreted as evidence that there exists a *genuine* dispute of *material* fact for summary judgment purposes.

**Responses to Additional Facts ¶¶ 1-44**

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. These statements are irrelevant to summary judgment. "Membership" is not the standard for work-for-hire ownership under 17 U.S.C. § 101(1), employment is. For purposes of this summary judgment motion only, this paragraph is undisputed.

6. Undisputed.

7. Undisputed. The steering committee also set the procedures for developing the IBC 2000. (Ex. AA at 25.)[1]

8. The steering committee set the procedures for developing the IBC 2000. (Ex. AA at 25.) Otherwise undisputed.

9. The membership status of committee members is irrelevant to summary judgment. "Membership" is not the standard for work-for-hire ownership under 17 U.S.C. § 101(1), employment is. NFPA disputes the term "appointed" to the extent it suggests that the government employees were required to serve on the IBC committees. It is undisputed that the committee members served on a voluntary basis. (*See* NFPA Statement of Material Facts ¶ 8 and ICC Response; Heilstedt Decl. Ex. A at 1.)

---

[1] Exhibits A-Z refer to the Exhibits to the Declaration of Christopher Centurelli, filed with NFPA's Opening Memorandum. Exhibits AA-FF refer to the Exhibits to the Second Declaration of Christopher Centurelli, filed with this Reply.

2

10.     NFPA objects to the sentence "Service on the subcommittees entailed a substantial time commitment and was considered prestigious" on the grounds that the terms "substantial" and "prestigious" are subjective opinion, rather than fact.  These opinions are irrelevant to summary judgment issues, but are disputed for the record. Otherwise, this paragraph is undisputed.

11.     It is undisputed that ICC asked committee members to provide a nonexclusive license at least as early as May 2001.  (Ex. H.)  Whether ICC also obtained nonexclusive licenses earlier, during the IBC 2000 development process, is not material for summary judgment.  For the record, NFPA disputes that ICC did not request non-exclusive licenses during the IBC 2000 development process.  (Ex. A at 139-40).

12.     Undisputed.

13.     NFPA disputes that the staff members "established" the timetable.  It is undisputed that staff members only had power to recommend a timetable to the steering committee, and did not have a vote on decisions of the steering committee, including setting of deadlines.  NFPA also disputes that the secretariat was responsible for "preparation" of the "work products", to the extent "preparation" means more than logistical and editorial assistance.  It is undisputed that the committees developed the IBC 2000, (*see* ICC Additional Facts ¶ 8) and the staff did not have a vote on decisions of the committees.  (Ex. C at 39, 54; Ex. D at 22; Ex. A at 63, 76, 102.)

14.     Undisputed, for purposes of this summary judgment motion only.

15.     Undisputed, for purposes of this summary judgment motion only.

16.     Undisputed that the steering committee set the assignments for the technical subcommittees.  Disputed that the ICC board was acting "through the steering

committee," since the steering committee was composed of volunteer government officials and industry representatives.

17.    The steering committee set the procedures for developing the IBC 2000. (Ex. AA at 25.) Otherwise undisputed, for purposes of this summary judgment motion only.

18.    Undisputed, for purposes of this summary judgment motion only.

19.    Undisputed, for purposes of this summary judgment motion only.

20.    Undisputed, for purposes of this summary judgment motion only.

21.    Undisputed that Mr. Sims testified as set forth in this paragraph. Other relevant testimony of Mr. Sims is provided in Exhibit A to the Centurelli Declaration.

22.    Undisputed, for purposes of this summary judgment motion only.

23.    Undisputed, for purposes of this summary judgment motion only.

24.    Undisputed, for purposes of this summary judgment motion only.

25.    Undisputed, for purposes of this summary judgment motion only.

26.    Undisputed, for purposes of this summary judgment motion only.

27.    Undisputed, for purposes of this summary judgment motion only.

28.    The word "required" is disputed, to the extent it suggests that the subcommittee members were under any contractual obligation to comply with ICC requests. It is undisputed that the committee members were volunteers. (*See* NFPA Statement of Material Facts ¶ 8 and ICC Response; Heilstedt Decl. Ex. A at 1.) Otherwise, undisputed, for purposes of this summary judgment motion only.

28a.    This paragraph is a statement of opinion and legal conclusion, not a statement of fact. The legal conclusion and opinion is disputed.

4

29. Undisputed.

30. Undisputed. The registration certificates speak for themselves.

31. Undisputed, for purposes of this summary judgment motion only.

32. Undisputed.

33. Mr. Nickson's testimony regarding the "inadequacy" of the preliminary working draft is a statement of opinion by a third party, not a statement of fact. This opinion is disputed. The facts of the paragraph are undisputed.

34. Disputed that NFPA was "not able" to develop a comprehensive building code using existing materials available to it. Undisputed that NFPA used the EPCOT code, other licensed materials and contributions from technical committee members and public submissions to develop the NFPA 5000.

35. Mr. Nickson's testimony that the timetable was "completely inadequate" is a statement of opinion by Mr. Nickson, a third party, not a statement of fact. This opinion is disputed. Undisputed that NFPA published the NFPA 5000 in July 2002.

36. Undisputed that the slide presentation of Heilstedt Ex. K states "Don't reinvent the wheel." These slides do not constitute evidence of copying, and are therefore irrelevant to summary judgment.

37. Mr. Nickson's testimony speaks for itself. ICC's characterization of the testimony is disputed. These statements do not constitute evidence of copying, and are therefore irrelevant to summary judgment.

38. Mr. Nickson's testimony speaks for itself. ICC's characterization of the testimony is disputed. These statements do not constitute evidence of copying, and are therefore irrelevant to summary judgment.

5

39.     Mr. Nickson's testimony speaks for itself. ICC's characterization of the testimony is disputed. These statements do not constitute evidence of copying, and are therefore irrelevant to summary judgment.

40.     Disputed. The document speaks for itself.

41.     Undisputed that the document includes the quoted words, but the quotation is incomplete. The document speaks for itself.

42.     Undisputed that the document includes the quoted words, but the quotation is incomplete. The document speaks for itself.

43.     Undisputed that Mr. Koffel gave testimony consistent with this quotation before the Phoenix Development Advisory Board in March 2003. ICC's characterization of the statement is disputed.

44.     Undisputed that Mr. Koffel testified as quoted.

NATIONAL FIRE PROTECTION
ASSOCIATION, INC.,

By its attorneys,

Dated:   April 26, 2005

Thomas F. Holt, Jr., Esq.
Tara C. Clancy, Esq.
Christopher Centurelli, Esq.
Kirkpatrick & Lockhart Nicholson Graham
LLP
75 State Street
Boston, MA 02109
(617) 261-3100

Peter C. John, Esq.
Williams Montgomery & John Ltd.
2100 Civic Opera Building
Twenty North Wacker Drive
Chicago, IL 60606
(312) 443-3200

6